UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LAWRENCE L. CRAWFORD LITIGATION      MDL No. 3116

ORDER DENYING TRANSFER

**Before the Panel:**[*] Movant Lawrence L. Crawford, who is proceeding *pro se*, moves to centralize this litigation in the District of New Jersey. The litigation consists of three actions pending in three districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of one related action in the Western District of Kentucky (*Crawford v. McKinley*), as well as related actions in various state courts. All parties to the Northern District of Georgia action (*Fearless Fund*) oppose centralization.

After considering the parties' arguments, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. Movant Crawford has a long history of frivolous litigation in the federal courts and has accumulated "three strikes" under 28 U.S.C. § 1915(d).[2] His briefs plainly acknowledge that he seeks centralization to avoid courts that he believes wrongfully dismissed his cases. But centralization is not a mechanism for avoiding a court allegedly "hostile to [plaintiff's] claims." *See In re Joel Snider Litig.*, 437 F. Supp. 3d 1371, 1372 (J.P.M.L. 2020) (denying centralization where plaintiff sought centralization "to avoid a court he perceived as 'hostile' to his claims").

Additionally, movant has failed to meet his burden of demonstrating common factual issues that warrant centralization. Three of the actions (including the potential tag-along action) concern asserted violations of the rights of Crawford and other inmates based on an alleged conspiracy in

---

[*] Judge Karen K. Caldwell, Judge David C. Norton, and Judge Madeline Cox Arleo did not participate in the decision of this matter. Pursuant to the minute order filed July 16, 2024, movant's motion to disqualify Judge Norton from participating in this matter was denied as moot, and his motion to disqualify Judge Matthew F. Kennelly was denied on the merits. *See In re Lawrence L. Crawford Litig.*, MDL No. 3116, Doc. No. 23 (J.P.M.L. July 16, 2024). His request to assign two other Panel judges to this matter also was denied. *See id.* ("Under Section 1407(d), the Chief Justice of the United States has the sole authority to appoint judges to the Panel.").

[1] Two additional actions on the motion for centralization were terminated during the pendency of the motion.

[2] *See Crawford v. The Pope*, No. 24-0659, Order (E.D. Pa. Mar. 12, 2024) (ECF No. 7) (finding Crawford has accumulated three strikes); *Crawford v. The U.S. Congress*, No. 24-0028 (W.D. Ky. filed Feb 8, 2024) (ECF No. 9) (same).

federal and state courts to conceal evidence and obstruct rulings in their cases, an alleged failure by South Carolina prisons to provide adequate medical care and safe prison conditions, alleged acts of racial discrimination by hundreds of defendants, and the policies of the Catholic church. Some of the alleged violations appear to overlap, but many do not.[3] Moreover, one action (*Fearless Fund*) does not involve Crawford at all and is entirely factually unrelated to the grievances he raises in the other two actions on the motion.[4] Indeed, movant makes little effort to demonstrate common factual issues. Rather, his main argument in support of centralization is an alleged common question of law – whether the Fourth Circuit should be disqualified from presiding over his cases. Common legal questions, however, are insufficient to satisfy Section 1407's requirement of common factual questions. *In re Hotel Indus. Sex Trafficking Litig.*, 433 F. Supp. 3d 1353, 1356 (J.P.M.L. 2020).

There also are only three related actions in three districts – the Southern District of Ohio, Eastern District of Pennsylvania, and Western District of Kentucky – excluding the unrelated *Fearless Fund* action. Nothing in the record suggests that centralization of these few actions would serve the convenience of the parties or promote the just and efficient conduct of the litigation.[5] Indeed, they still are in the case screening process applicable to *pro se* prisoners seeking to file *in forma pauperis* under 28 U.S.C. § 1915.[6]

We observe that this is not Crawford's first attempt to obtain centralization of his actions. He previously has asked two other district courts to centralize his actions in an MDL under Section 1407 – relief that district courts do not have authority to grant.[7] Given his history of frivolous

---

[3] For example, of the three actions on the motion, only *Crawford v. The Pope* involves allegations against the Catholic Church. Additionally, the involvement of common defendants is not sufficient to show common factual questions where, as here, rambling and often-unintelligible allegations against hundreds of defendants make it difficult to discern whether the alleged conduct overlaps.

[4] *Fearless Fund* concerns a small business grant program that allegedly is racially exclusionary. Plaintiff Crawford is not a party to the action.

[5] *See In re Transocean Ltd. Secs. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L.2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

[6] Apart from centralization, Crawford has requested orders from the Panel to provide habeas corpus relief and appointment of counsel for various plaintiffs in his underlying actions. Section 1407 plainly does not confer any authority on the Panel to grant habeas relief, nor does it authorize the Panel to manage pretrial proceedings in the underlying actions. *See In re Robert Reedom Litig.*, 65 F. Supp. 3d 1414, 1415 (J.P.M.L. 2014) ("[P]laintiff's supplemental brief suggests that the Panel itself should resolve his actions. Centralization of these actions before the Panel or a ruling by the Panel on the claims in the case is not authorized under Section 1407."); *In re New Cingular Wireless PCS, LLC, Data Servs. Sales Tax Refund Litig.*, 988 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013) ("The Panel has neither the power nor the inclination to dictate in any way the manner in which ... pretrial proceedings are to be conducted") (internal quotation marks and citation omitted).

[7] *See Crawford v. Linares*, No. 18-13459, 2020 WL 2059956, at *1-2 (D.N.J. Apr. 29, 2020) (discussing Crawford's motion in the District of New Jersey "to form a multidistrict panel for

litigation, including multiple baseless attempts at centralization, we caution Crawford that further frivolous filings before the Panel may result in restrictions on his ability to file materials before the Panel. *See, e.g., In re Eric Flores Litig. (No. II)*, 11 F. Supp. 3d 1336, 1337 (J.P.M.L. 2014); *In re David Kissi, et al. (No. III)*, 923 F. Supp. 2d 1367, 1370 (J.P.M.L. 2013) (taking judicial notice of plaintiffs' frivolous filings and vexatious and harassing course of conduct in various federal courts and directing the Clerk of the Panel to accept no documents for filing relating to the subject matter of instant litigation without first obtaining leave of the Panel).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for miscellaneous relief [ECF No. 13] is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly  Roger T. Benitez
Dale A. Kimball

---

consideration of a plethora of civil and criminal cases," and holding "[o]nly the MDL panel can decide whether to create a multidistrict litigation"); *Crawford v. Atkinson*, No. 21-2526, 2022 WL 3046896, at *6 (D.S.C. May 16, 2022) (discussing Crawford motion for centralization in the District of South Carolina and observing "[o]nly the MDL panel can decide whether to create a multidistrict litigation") (quoting *Crawford v. Linares, supra*).

IN RE: LAWRENCE L. CRAWFORD LITIGATION          MDL No. 3116

## SCHEDULE A

<u>Northern District of Georgia</u>

AMERICAN ALLIANCE FOR EQUAL RIGHTS v. FEARLESS FUND MANAGEMENT, LLC, ET AL., C.A. No. 1:23−03424

<u>Southern District of Ohio</u>

CRAWFORD, ET AL. v. THE CITY OF WHITEHALL, ET AL., C.A. No. 2:23−02962

<u>Eastern District of Pennsylvania</u>

CRAWFORD, ET AL. v. THE POPE, ET AL., C.A. No. 2:24−00659